**FILED**

**October 17, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 8:36 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Tyrone McGee, | ) | Docket No. 2016-06-2313 |
| Employee, | ) | |
| v. | ) | |
| Embassy Suites Nashville, | ) | State File No. 13292-2016 |
| Employer, | ) | |
| And | ) | |
| Zurich American Insurance Company, | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

This matter came before the undersigned on October 16, 2017, on Embassy Suites Nashville's Motion for Summary Judgment. The central legal issue is whether Mr. McGee's evidence is sufficient to establish an essential element of his claim. Specifically, he alleged suffering food poisoning as a result of eating enchiladas his employer offered to its staff. Because he failed to provide a medical opinion linking his condition to ingesting food at work, the Court finds that Mr. McGee's evidence is insufficient to establish causation and therefore holds Embassy Suites is entitled to summary judgment.

### Procedural History

Mr. McGee alleged he suffered food poisoning after eating leftover enchiladas Embassy Suites offered its employees. Embassy Suites denied the claim. Following an Expedited Hearing, the Court denied benefits, holding that Mr. McGee failed to come forward with sufficient medical evidence to satisfy his burden of proving his condition arose primarily out of and in the course and scope of his employment. Specifically, the Court found that, while Mr. McGee believed he suffered from food poisoning, the medical providers diagnosed other conditions including noninfective gastroenteritis and colitis, as well as possible peptic ulcer disease with severe gastritis. Further, none of the providers related Mr. McGee's condition to the enchiladas. Thus, the Court held Mr. McGee could not establish his condition arose primarily out of his employment. Mr.

1

McGee did not appeal the Expedited Hearing Order.

At a later scheduling hearing, the Court set the Compensation Hearing date for November 14. It also ordered Mr. McGee to file additional medical proof on or before October 6 and that Embassy Suites file any potentially dispositive motions on or before September 14. Mr. McGee did not file additional medical proof. Embassy Suites filed this motion within the deadline, along with a Statement of Undisputed Facts and Memorandum of Law. Mr. McGee did not file a response to the motion nor did he participate in the hearing.

## Legal Principles and Analysis

Tennessee Code Annotated section 20-16-101 (2016) and the Tennessee Rules of Civil Procedure provide the legal standards governing summary judgment. Specifically, Rule 56.06 provides that if a motion for summary judgment is properly made and supported, "an adverse party may not rest on mere allegations or denials of the adverse party's pleadings, but his or her response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." Moreover, "[i]f the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Payne v. D and D Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016) (emphasis added).

Because a summary judgment motion is potentially dispositive, the Court must also consider Rule 4.01B of the Practices and Procedures of this Court, which provides that if a dispositive motion is opposed, a response must be filed on or before thirty calendar days after the filing of the dispositive motion; if no opposition is filed, the dispositive motion will be considered unopposed. Here, Mr. McGee did not file a response. Thus, the Court must consider it unopposed and must now decide whether summary judgment is "appropriate." *See* Tenn. R. Civ. Pro. 56.06 (2016).

To make this determination, the Court must apply the following standard:

When a party who does not bear the burden of proof at trial files a motion for summary judgment, the party must do one of two things: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim or (2) demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the moving party is successful in meeting this initial burden of production, the nonmoving party must then establish that the record contains specific facts upon which a trier of fact could base a decision in that party's favor. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

2

any material fact and that the moving party is entitled to a judgment as a matter of law.

*Mitchell v. Randstad N. Am.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 2, at *7 (Jan. 13, 2017)(internal citations omitted). Moreover, the Court must consider the facts presented on summary judgment in the light most favorable to Mr. McGee. *See Payne*, at *12.

To establish causation, Mr. McGee must show to a reasonable degree of medical certainty that his injury arose primarily out of and in the course and scope of his employment. This requires a showing by a preponderance of the evidence that his employment contributed more than fifty percent in causing the injury, considering all causes. Shown to a reasonable degree of medical certainty means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility. Tenn. Code Ann. §50-6-102(14); *see also Payne v. D & D Elec.*, 2017 Tenn. LEXIS 215, at *9 (Apr. 18, 2017).

Here, Embassy Suites argued that no physician has expressed an opinion that Mr. McGee's work caused fifty percent or more of his medical condition or need for treatment. Therefore, Embassy Suites contended Mr. McGee cannot establish that his injury arose primarily out of and in the course and scope of employment and summary judgment is appropriate as a matter of law.

The Court agrees. Mr. McGee failed to produce expert proof or testimony demonstrating that his injury arose primarily out of and in the course and scope of his employment at Embassy Suites. The records contain no medical evidence demonstrating that it was more likely than not that his employment contributed more than fifty percent to his injury, considering all causes. The Court concludes Embassy Suites has demonstrated that Mr. McGee's evidence is insufficient to establish an essential element of his claim. Embassy Suites' Motion for Summary Judgment is granted, and Mr. McGee's claim is dismissed with prejudice. The costs of this case are taxed to Embassy Suites under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 to be paid within five days of the entry of this order. In addition, Embassy Suites shall prepare and submit the SD-1 within ten days of the date of judgment.

**IT IS SO ORDERED.**

**Entered the 17ᵗʰ day of October, 2017.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on the 17th day of October, 2017.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|------|----------------|-----|--------------|-------|---------|
| **Tyrone McGee, self-represented Employee** | X | | | x | Tyronemcgee6@gmail.com; tyronemcgee10@gmail.com; 606 N. Dupont Ave #404, Madison, TN 37115 |
| **David Weatherman, Employer's attorney** | | | | x | David.weatherman@zurichna.com |

Penny Shrum
**Penny Shrum**
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov